# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TAMITRA COLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: 2:19-cv-00056-JHE |
| GESTAMP NORTH AMERICA, INC., et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION[1]

Plaintiff Tamitra Cole ("Cole") brings this employment action pursuant to Title VII of the Civil Rights Act of 1964, as amended, naming Gestamp North America, Inc. ("Gestamp NA"), Gestamp Alabama, LLC ("Gestamp Alabama"), Will Smith ("Smith"), and Sonya B. Green ("Green") as defendants. (Doc. 11). Cole, an African-American female, alleges that African American decision-makers discriminated against her on the basis of color by promoting another African-American female to a position Cole sought and terminating Cole's employment. (*See id.*). Defendants Gestamp NA and Gestamp Alabama (collectively "Gestamp Defendants") have moved to dismiss or, in the alternative, for summary judgment. (Doc. 15). Defendants Smith and Green have each moved to dismiss. (Docs. 16 & 17). Cole filed a response in opposition to the motions. (Doc. 22). The Gestamp Defendants, Smith, and Green filed reply briefs. (Docs. 24, 25, & 26). After the undersigned notified the parties that the Gestamp Defendants' motion would be treated as a motion for summary judgment (doc. 30), Cole filed an additional response brief (doc. 31) and

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 29).

1

the Gestamp Defendants filed an additional reply (doc. 33). For the reasons outlined below, the Gestamp Defendant's motion (doc. 15) will be **GRANTED IN PART AND DENIED IN PART**, and Smith and Green's motions (doc. 16 & 17) will be **GRANTED**.

## I. Standard of Review

### A. Motion to Dismiss – Fed. R. Civ. P. 12(b)(6)

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or " a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Rule 12(b)(6), Fed. R. Civ. P., permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*,

556 U.S. at 679.

   B. **Summary Judgment – Fed. R. Civ. P. 56**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish there is a "genuine issue for trial." *Id.* at 324. (citation and internal quotation marks omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, (1970); *see also Anderson*, 477 U.S. at 255 (all justifiable inferences must be drawn in the non-moving party's favor). Any factual disputes will be resolved in Plaintiff's favor when sufficient competent evidence supports Plaintiff's version of the disputed facts. *See Pace v. Capobianco*, 283 F.3d 1275, 1276-78 (11th Cir. 2002) (a court is not required to resolve disputes in the non-moving party's favor when that party's version of the events is supported by insufficient evidence). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam)

(citing *Bald Mtn. Park, Ltd. v. Oliver*, 836 F.2d 1560, 1563 (11th Cir. 1989)). Moreover, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252).

## II. Basic Summary Judgment Facts

Sonya Green, Gestamp Alabama's current Human Resources Manager, provides a declaration stating that Cole was employed by Gestamp Alabama as a Human Resources Generalist from August 2016 until her termination on April 6, 2018, and that at no time was Cole employed by Gestamp NA. (Doc. 15-1 at 2, ¶3-5).[2]

The Gestamp Defendants also provide a copy of Cole's EEOC Charge of Discrimination against "Gestamp," which she described as located at 7000 Jefferson Metro Parkway, McCalla, Alabama 35111. (Doc. 15-1 at 4-7). Cole filed the EEOC Charge on June 19, 2018, alleging color discrimination in violation of Title VII. (*Id.*). On January 10, 2019, Cole filed her complaint in this case naming Gestamp NA, Smith, and Green as defendants. (Doc. 1). After Gestamp NA moved to dismiss (doc. 6), Cole filed her First Amended Complaint, adding Gestamp Alabama as a defendant. (doc. 11).

Cole's First Amended Complaint asserts a single cause of action for "Equal Rights Under

---

[2] Cole's argument that Green's declaration is "not worthy of consideration" because she is "swearing to things she could not possibly know of her own knowledge" (doc. 31 at 2, 13) is without support. An affidavit or declaration used to support or oppose summary judgment motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that affiant or declarant is competent to testify on matters stated. FED. R. CIV. P. 56(c)(4). Conclusory allegations without specific supporting facts have no probative value and therefore will not be considered. *Id.* Green's declaration meets the standard set forth in Rule 56(c)(4). As Human Resource Manager, Green is competent to testify on matters including Gestamp Alabama's day-to-day operations, control over its associates, and whether Gestamp Alabama employed Cole.

Law" and is followed by allegations supporting both discrimination and retaliation claims without reference to which claims are asserted against which defendant. (Doc. 11).

### III. Analysis

**A. Will Smith and Sonya Green's Motions to Dismiss (Docs. 16 & 17)[3]**

Smith and Green's motions to dismiss are due to be granted because, *inter alia*,[4] Smith and Green are not proper defendants under Title VII. Specifically, as to the claims against them in their "individual capacity," there is no individual liability under Title VII. *Fodor v. D'Isernia*, 506 F. Appx. 965, 966 (11th Cir. 2013). Cole's arguments otherwise are not supported by the case law she cites. Cole cites *Wells Fargo Bank v. Berkman*, No. 1:10-cv-2286-TWT, 2011 WL 709483 (N.D. Ga. 2011), arguing "the law is unclear at best" as to individual liability. (Doc. 22 at 9). *Berkman* is not even a Title VII case and thus certainly does not apply to this issue. Furthermore, Cole's argument that colorism is "relatively new as an action" and should be treated differently than Title VII discrimination claims based on other protected characteristics/classes is without merit. Title VII has prohibited employers from discrimination based on color since enacted in 1964. *See* 42 U.S.C. § 2000e-2(a)(1). District courts within this Circuit have dismissed individual defendants from Title VII actions for color discrimination on this ground. *See e.g.*, *Simmons v. Five Star Quality Care, Inc.*, 2014 WL 6603759, at *4 (S.D. Ga. Nov. 19, 2014). To the extent Cole attempts to assert "official capacity" claims against Smith and Green, such claims are

---

[3] Despite Cole's contention that these motions will be treated as motions for summary judgment (doc. 31 at 1-2), the undersigned's March 7, 2019 Order states that document 15 – the Gestamp Defendants' motion – will be treated as a motion for summary judgment. (*See* doc. 30). Smith and Green have each filed a motion to dismiss, which will be treated as such.

[4] The claims against Smith and Green are due to be dismissed for additional reasons, including failure to exhaust administrative remedies, *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994) (holding that a party not named in an EEOC Charge cannot be named as a defendant in a subsequent suit), and failure to perfect service as to Smith.

5

redundant of any claim against Cole's employer (to be discussed *infra*) and, as such, are also due to be dismissed.

For these reasons, Smith and Green's motions to dismiss (docs. 16 & 17) will be **GRANTED**. All claims against Smith and Greene will be dismissed.

## B. Gestamp Defendants' Rule 56 Motion for Summary Judgment (Doc. 15)

### 1. Who is Cole's "Employer" and Proper Defendants Under Title VII

Title VII provides that it is an "unlawful employment practice for an employer" to discriminate or retaliate against an individual "because of such individual's race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-2. Because Title VII is limited to employment practices, Title VII claims against non-employer entities should be dismissed. *Andela v. Univ. of Miami*, 461 Fed. App. 832, 837 (11th Cir. 2012) (citing *Pardazi v. Cullman Medical Ctr.*, 838 F.2d 1155, 1156 (11th Cir. 1988)). However, it is possible for two or more businesses to be held liable for violations of Title VII under the "joint employer" theory of recovery. *See Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1359-61 (11th Cir.1994). To be considered a joint employer, an entity must exercise sufficient control over the terms and conditions of a plaintiff's employment. *Id.* at 1360. Courts usually make such a determination by analyzing (1) the means and manner of the plaintiff's work performance; (2) the terms, conditions, or privileges of the plaintiff's employment, and (3) the plaintiff's compensation. *Llampallas v. Mini–Circuits, Inc*., 163 F.3d 1236, 1245 (11th Cir.1998).

Gestamp Alabama has presented the testimony of its Human Resources Manager Sonya Greene that Cole was employed directly by Gestamp Alabama (and not Gestamp NA) as a Human Resources Generalist at its manufacturing facility located in McCalla, Alabama from August 2016 until her termination on April 6, 2018. (Doc. 15-1 at ¶ 5). This is substantiated by the fact that

Cole's offer letter (doc. 31-5), is written on Gestamp Alabama, LLC letterhead and specifically states that Cole's position is "Human Resource Generalist II for Gestamp Alabama, LLC." The next sentence of the letter states that "Gestamp" "is pleased to offer [her] benefits." (*Id.*). The letter further confirms Cole's employer as Gestamp Alabama, LLC, stating "a combination of your education and experience in Human Resources will provide much needed expertise for Gestamp Alabama, LLC." (*Id.*). The letter closes with the statement that she or Gestamp Alabama, LLC can terminate her employment. (*Id.* at 4).

Business registration records indicate Gestamp Alabama, LLC's nature of business is "to manufacture pieces and components for the automotive industry." (Doc. 31-1). There is no "nature of business" listed for Gestamp North America, Inc. (Doc. 31-2). Cole also mentions Gestamp Alabama, Inc. (not named in this action), and the records show that Gestamp Alabama, Inc. became Gestamp North America, Inc. in 2009. (Doc. 31-3). Any corporate renaming or restructuring of Gestamp Alabama's parent company prior to Cole's employment has no bearing on who her employer was starting in 2016.

Green's declaration provides that Gestamp Alabama is a wholly-owned subsidiary of Gestamp North America. (Doc. 15-1 at 2). Gestamp Alabama's Corporate Disclosure Statement also states this. (Doc. 18). Cole's assertion that "[a]ll indications are that both Gestamp's [sic] are in actuality one entity" is without support.

To the extent Cole argues that Gestamp NA was also her employer under a joint employer theory, she offers the following evidence: There are two references to Gestamp Alabama, Inc. in Cole's offer letter. (Doc. 31-5). First, the letter states that Gestamp North America, Inc. will pay for the costs for a standard pre-employment drug screening and background check. (*Id.* at 3). The letter also refers to its offer as "the Gestamp Alabama, Inc. offer." (*Id.* at 4). Cole also provides

7

a severance letter showing it is from "Gestamp North America Division" and emails showing the Human Resources Director of Gestamp North America Division giving orders to Cole regarding how to conduct the severance. (Doc. 31-6). Finally, the central allegation in this case is that Defendant Smith, who Cole contends is the "head" of the Human Resources Department for Gestamp NA, promoted Greene instead of Cole to be Human Resources manager of Gestamp Alabama.

The evidence shows that Gestamp Alabama is a wholly-owned subsidiary of Gestamp NA, and Gestamp Alabama hired Cole in August 2016. However, because whether entities are joint employer's under Title VII is based on how those entities conducted business and exerted control, specifically (1) the means and manner of the plaintiff's work performance; (2) the terms, conditions, or privileges of the plaintiff's employment, and (3) the plaintiff's compensation, there remains the possibility that additional evidence could show joint employer status. Although Cole's briefs contain unnecessary misdirection and insult, she has presented sufficient evidence to warrant additional discovery on this issue.[5]

### 2. Administrative Exhaustion as to Gestamp NA

The Gestamp Defendants also argue that Cole failed to exhaust her administrative remedies as to Gestamp NA. Generally, a party not named in an EEOC charge cannot be named as a defendant in a subsequent suit. *See Virgo v. Riviera Beach Associates, Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994). In her EEOC Charge, Cole named "Gestamp" located at 7000 Jefferson Metro Parkway, McCalla, Alabama 35111.[6] (Doc. 15-1). While "Gestamp" is ambiguous and could

---

[5] If the parties prefer to engage in limited discovery on this issue prior to general discovery, they may file a motion for the undersigned to consider.

[6] The Secretary of State's Business Entity Records list Gestamp Alabama's principal address as 2701 Troy Center Drive, Suite 150, Troy, Michigan 48084. However, a basic internet search of "Gestamp Alabama, LLC" shows its physical address as 7000 Jefferson Metropolitan

have been directed at either Gestamp Alabama or Gestamp NA, Cole only listed Gestamp Alabama's physical address in McCalla, Alabama.[7] (*See id.*). Gestamp NA states that it did not receive notice of Cole's EEOC Charge and thus did not have an opportunity to conciliate on its own behalf in the EEOC proceedings. (*See* doc. 15 at 8-9).

A party not named in the EEOC Charge may be subjected to suit in federal court when the purposes of Title VII are met. To determine this, courts do not apply a rigid test but instead look to several factors including: (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings. *Virgo*, 30 F.3d at 1359. The court also may consider whether the scope of the investigation that would reasonably grow out of the plaintiff's EEOC charge would naturally encompass the unnamed defendant. *See Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 650 (11th Cir. 1983). This issue is often decided at summary judgment, after the parties have been allowed to conduct discovery and present evidence on the *Virgo* and *Hamm* factors. *Long v. Surge Staffing, LLC*, No. 5:18-cv-546-UJH-RDP, 2018 WL 3957010. At *3 (N.D. Ala. Aug. 17, 2018).

Considering these factors, at this stage in the litigation, it is unclear whether the purposes of Title VII were met as to Defendant Gestamp NA when Cole named "Gestamp" as her employer and sent the EEOC Charge to Gestamp Alabama's physical address. As noted above, if and how

---

Parkway, McCalla, Alabama 35111.
[7] The Secretary of State's Business Entity Records list Gestamp NA's principal address is listed as 7151 Jefferson Metropolitan Parkway, McCalla, Alabama 35111.

9

these companies interacted or worked together can be explored during discovery. Accordingly, Cole's Title VII discrimination claim against Gestamp NA will not be dismissed at this time.

### 3. Retaliation Claims are Unexhausted and Due to be Dismissed

Although Cole attempts to assert both discrimination and retaliation claims in her First Amended Complaint, the Gestamp Defendants argue Cole's retaliation claim should be dismissed for failure to exhaust administrative remedies. (*See* doc. 15 at 9-12). Filing an EEOC charge "within one hundred and eighty days after the alleged unlawful employment practice occurred" is a condition precedent to bringing a civil action pursuant to Title VII. 42 U.S.C. § 2000e- 5(e)(1); *see Price v. M&H Valve Co.*, 177 Fed. App'x 1 (11th Cir. 2006). The purpose of the timely charge filing requirement "is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Evans v. United States Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983). Thus, "the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970); *Gregory v. Ga. Dep't of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004). The proper inquiry is "whether [the plaintiff]'s complaint was like or related to, or grew out of, the allegations contained in her EEOC charge." *Gregory*, 355 F.3d at 1280. A plaintiff cannot raise "[a]llegations of new acts of discrimination" in her civil action. *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989).

There are no allegations in Cole's EEOC Charge that could have provided notice that she intended to raise a Title VII retaliation claim. (*See* doc. 15-1 at 4-7). Although Cole checked the "RETALIATION" box, her Charge does not allege any facts suggesting she engaged in any protected conduct or that she was subjected to an adverse employment action as a result. (*See id.*).

There is simply no mention of termination or other retaliatory acts. (*Id.*). Merely checking a box without supporting allegations is insufficient to exhaust administrative remedies for a retaliation claim. *See, e.g., Spires v. Dynamic Security, Inc.*, 2014 WL 12746778, at *2 (N.D. Ala. Dec. 17, 2014) ("Although Spires checked the box marked "Retaliation" on his EEOC charge . . , that is insufficient to satisfy the exhaustion requirement in the absence of allegations in the charge relating to retaliation."); *Houston v. Army Fleet Services*, LLC, 509 F. Supp. 2d 1033, 1043 (M.D. Ala. 2007) ("Indeed, checking the correct box alone is not sufficient to satisfy the filing requirement when no factual particulars relating to the claim are disclosed to the EEOC.").

In her second response, Cole briefly states that "she alleges she was fired in retaliation." (Doc. 31 at 15). Sufficiency of Cole's allegations is not the issue here. As discussed above, failing to exhaust administrative remedies, a prerequisite to bringing a Title VII claim, is a wholly separate issue from adequately pleading a claim. Cole's assertion that "the Defendants[sic] filings look as though an older lawyer loaned them his book of defenses from the 1970s" (*id.*) makes no sense. Title VII's exhaustion requirement is current, and the lawyer bashing is both unnecessary and misplaced. Accordingly, Cole's retaliation claims will be dismissed for failure to exhaust administrative remedies.

### IV. Conclusion

Smith and Green's motions to dismiss (docs. 16 & 17) are **GRANTED**. All claims against Smith and Green are due to be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

The Gestamp Defendants' motion for summary judgment (doc. 15) is **GRANTED IN PART AND DENIED IN PART**. All Title VII retaliation claims are dismissed for failure to exhaust administrative remedies. The only remaining claims are Title VII discrimination claims against Defendants Gestamp Alabama and Gestamp NA.

Cole is **ORDERED** to file a Second Amended Complaint by **May 10, 2019**, that complies with the Federal Rules of Civil Procedure and caselaw prohibiting shotgun-style pleading.[8] Again, this pleading should only contain Title VII discrimination claims against the Gestamp Defendants.

DONE this 26th day of April, 2019.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE

---

[8] The plaintiff's statement that the Defendants allege "even notice pleading as a fatal fl[a]w" (doc. 31 at 15) is inaccurate. Defendants make no statement against notice pleading, but instead allege that the First Amended Complaint is a shotgun-style pleading, which it is. (*See* doc. 11). For example, the First Amended Complaint only lists one count for "Equal Rights Under Law," but attempts to assert claims for both discrimination and retaliation and does not specify the particular defendant each claim is brought against. (*See id.*).